**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| GARY E. MANNS, | )<br>) |
| Plaintiff, | )<br>) |
| vs. | )     1:11-cv-1550-TWP-MJD<br>) |
| DR. JACQUE LECLERC, M.D., KIM<br>GRAY, LISA WOLFE,<br>ASHLEY WAGGLER, AMY<br>WRIGHT, AND DR. MITCHEFF | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**Entry Concerning Selected Matters**

**I.**

A motion to reconsider is designed to correct manifest errors of law or fact or to present newly discovered evidence. *Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985). For example, a motion for reconsideration is appropriate when: (1) a court has patently misunderstood a party; (2) a court has made a decision outside the adversarial issues presented; (3) a court has made an error not of reasoning but of apprehension; or (4) a change in the law or facts has occurred since the submission of the issue. On the other hand, a motion for reconsideration is an "improper vehicle to introduce evidence previously available or to tender new legal theories." *Bally Export Corp. v. Balicar, Ltd.*, 804 F.2d 398, 404 (7th Cir. 1986).

The plaintiff seeks reconsideration of the dismissal of defendants Elizabeth Lamson and Kim Hopson in the Entry issued on January 4, 2012. The **request for reconsideration [Dkt. 18] is denied**, because the court made no error in screening the complaint pursuant to 28 U.S.C. § 1915A(b) and no persuasive basis for reconsidering that ruling has been shown.

If the plaintiff seeks to amend the complaint to correct errors identified in the Entry of January 4, 2012, he should do so consistent with Federal Rule of Civil Procedure 15 and Local Rule 15-1 (stating in part that any "amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference.")

## II.

The plaintiff's motion for appointment of counsel has been considered. The plaintiff asserts that he has been unsuccessful in recruiting representation on his own. Although the court concludes, based on the above filing, that the plaintiff has made a reasonable effort to secure representation, he should continue his own effort.

The court proceeds to the second inquiry required in these circumstances. The court's task in this second inquiry is to analyze the plaintiff's abilities as related to "the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt v. Mote,* 503 F.3d 647, 654-55 (7th Cir. 2007). Accordingly, the question is not whether an

attorney would help the plaintiff's case, but whether, given the difficulty of the case, the plaintiff seems competent to litigate it himself. *Id.* at 653-655. At this point, and based on the plaintiff's comprehensible filings, his use of the court's processes, his familiarity with both the factual circumstances surrounding his claims and with the legal issues associated with those claims, the plaintiff is competent to litigate on his own.

Under the above circumstances, the plaintiff=s request for the appointment of counsel [Dkt. 19] is **denied** to the extent that the court will not make an outright request that counsel represent the plaintiff at this juncture. The court will be alert to the possibility of recruiting representation for the plaintiff at trial or at other points in the case where the plaintiff=s incarceration and *pro se* status would make it particularly difficult for him to proceed without representation and to the possibility at those points where the assistance of counsel would be a benefit of both the plaintiff and the court in the presentation of the case.

**IT IS SO ORDERED.**

Date: 01/27/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Gary E. Manns
922454
Wabash Valley
6908 S. Old U.S. Highway 41
P.O. Box 500
Carlisle, IN 47838

J. Richard Moore
BLEEKE DILLON CRANDALL
richard@bleekedilloncrandall.com

James F. Bleeke
BLEEKE DILLON CRANDALL PC
jim@bleekedilloncrandall.com

Jeb Adam Crandall
BLEEKE DILLON CRANDALL PC
jeb@bleekedilloncrandall.com