**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| GARY E. MANNS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:11-cv-1550-TWP-MJD |
| | ) | |
| DR. JACQUE LECLERC, M.D., | ) | |
| KIM GRAY, LISA WOLFE, | ) | |
| ASHLEY WAGGLER, AMY | ) | |
| WRIGHT, AND DR. MITCHEFF, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Denying Motion to Amend Complaint**

Gary Manns ("Mr. Manns") is an Indiana prisoner who has serious medical needs related to Crohn's disease and an alleged heart condition and stroke. Mr. Manns filed this action seeking injunctive relief and damages based on the asserted violation of his right to adequate medical care at the Wabash Valley Correctional Facility ("Wabash Valley"), an Indiana prison located within the Southern District of Indiana.

Mr. Manns was transferred to the Indiana State Prison, located within the Northern District of Indiana, a few months ago. He has now filed a motion to file an amended complaint. In a ruling issued concurrently with this Entry, the claim for injunctive relief is being dismissed as moot based on Mr. Manns' transfer to the Indiana State Prison.

Although Fed. R. Civ. P. 15(a) provides that leave to amend "'shall be freely given when justice so requires,' [it] is not to be automatically granted." *Johnson v.*

*Methodist Medical Center of Ill.,* 10 F.3d 1300, 1303 (7th Cir. 1993). "[District] courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Hukic v. Aurora Loan Services,* 588 F.3d 420, 432 (7th Cir. 2009) (internal citation omitted).

The proposed amended complaint would add a medical administrator described as having statewide responsibility for the Department of Correction's contract provider of medical care for inmates, as a defendant in the case. The proposed claim against this putative defendant, however, is associated with events occurring at both Wabash Valley and at the Indiana State Prison. Although a viable claim for relief may be stated against the putative defendant, this is not the case in this matter, at least as to any events occurring at the Indiana State Prison and at least as to any claim for injunctive relief. The proposed amended complaint differs in substance from the original complaint by seeking to add claims which would be misjoined under Rule 18 of the *Federal Rules of Civil Procedure.* Rule 18 allows joinder of multiple parties only when the allegations against them involve the same conduct or transaction and common questions of fact and law as to all defendants. That standard could not be met with respect to the medical care Mr. Manns received while confined at Wabash Valley and that being provided at the Indiana State Prison. The remedy for such a misjoinder would be to sever the misjoined claims pursuant to Rule 21 of the *Federal Rules of Civil Procedure.* This would result in a second lawsuit which would doubtless be appropriate for transfer to the

Northern District of Indiana, where the Indiana State Prison is located. Permitting the proposed amended complaint in this case would thus accomplish nothing, not even saving Mr. Manns the burden of paying a second filing fee. This is wholly consistent, moreover, with the dismissal of the claim for injunctive relief in the present case.

For these reasons, the motion to file an amended complaint [Dkt. 61] is denied.

**SO ORDERED.**

Date: 11/09/2012
_____

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Gary E. Manns
922454
Indiana State Prison
Inmate Mail/Parcels
One Park Row
Michigan City, IN 46360

Electronically Registered Counsel