# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| GARY E. MANNS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:11-cv-1550-TWP-MJD |
| | ) | |
| DR. JACQUE LECLERC, M.D., | ) | |
| KIM GRAY, LISA WOLFE, | ) | |
| ASHLEY WAGGLER, AMY | ) | |
| WRIGHT, AND DR. MITCHEFF, | ) | |
| | ) | |
| Defendants. | ) | |

## Entry Dismissing Claim for Injunctive relief
## and Denying Motion for Preliminary Injunction

Gary Manns ("Mr. Manns") is an Indiana prisoner who has serious medical needs related to Crohn's disease and an alleged heart condition and stroke. Mr. Manns filed this action seeking injunctive relief and damages based on the asserted violation of his right to adequate medical care at the Wabash Valley Correctional Facility ("Wabash Valley"), an Indiana prison located within the Southern District of Indiana.

Nearly four months ago, Mr. Manns was transferred to the Indiana State Prison, located within the Northern District of Indiana, on July 13, 2012. He has filed a renewed motion for preliminary injunction, seeking specific measures with respect to his ongoing medical care at the Indiana State Prison.

The first matter which must be explored is whether Mr. Manns' transfer has impacted on his entitlement to seek injunctive relief. It is well-established that "if an event occurs while a case is pending . . . that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the [case] must be dismissed." *Church of Scientology of Cal. v. United States,* 506 U.S. 9, 12 (1992)(quoting *Mills v. Green,* 159 U.S. 651, 653 (1895)). The event to be considered here is Mann's transfer.

The norm for this situation is clear: "[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief . . . become[s] moot." *Lehn v. Holmes,* 364 F.3d 862, 871 (7th Cir. 2004); *Higgason v. Farley,* 83 F.3d 862, 871 (7th Cir. 1996)(same). The court has considered the allegations of the complaint, together with allegations in the motion for preliminary injunction, and finds nothing which takes this case outside the norm. Mr. Manns' medical care at the Wabash Valley was the focus of his original claim for injunctive relief. His medical needs at present may be the same or very similar to those prior to his transfer, but the point of the injunctive relief which was first sought was to alter the medical care he was receiving at Wabash Valley. That is no longer an aim which can be accomplished. The injunctive relief would have compelled the medical providers at Wabash Valley to take certain action. There are now new medical providers in a different location and a similar, but different, environment.

Mr. Manns' transfer renders his claim for injunctive relief against Wabash Valley, moot. A court lacks jurisdiction over a claim which is moot. *Board of Educ. of Downers Grove Grade School Dist. No. 58 v. Steven L.,* 89 F.3d 464, 467 (7th Cir. 1996), *cert. denied,* 117 S. Ct. 1556 (1997).

Consistent with the foregoing, therefore, the claim for injunctive relief in this action is dismissed for lack of jurisdiction and the motion for preliminary injunction is denied

No partial final judgment shall issue at this time.

**IT IS SO ORDERED.**

Date: 11/09/2012

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Gary E. Manns
922454
Indiana State Prison
Inmate Mail/Parcels
One Park Row
Michigan City, IN 46360

Electronically Registered Counsel