# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| GARY E. MANNS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) 1:11-cv-1550-TWP-MJD |
| | ) |
| DR. JACQUE LECLERC, M.D., | ) |
| KIM GRAY, LISA WOLFE, | ) |
| ASHLEY WAGGLER, AMY | ) |
| WRIGHT, AND DR. MITCHEFF, | ) |
| | ) |
| Defendants. | ) |

## Entry Denying Motion to Reconsider

A motion to reconsider is designed to correct manifest errors of law or fact or to present newly discovered evidence. *Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985). For example, a motion for reconsideration is appropriate when: (1) a court has patently misunderstood a party; (2) a court has made a decision outside the adversarial issues presented; (3) a court has made an error not of reasoning but of apprehension; or (4) a change in the law or facts has occurred since the submission of the issue. On the other hand, a motion for reconsideration is an "improper vehicle to introduce evidence previously available or to tender new legal theories." *Bally Export Corp. v. Balicar, Ltd.*, 804 F.2d 398, 404 (7th Cir. 1986).

The plaintiff seeks reconsideration of the Court's Order of June 25, 2012, denying his request for appointment of counsel. The plaintiff argues that he was transferred to the Indiana State Prison in Michigan City on or about July 17, 2012

[dkt 52 and 53], and that he will not have access to the same resources as he had while incarcerated at Wabash Valley Correctional Facility. The plaintiff argues that without legal representation, Dr. Mitcheff or his staff could put the plaintiff on "cold storage and deny him all his constitutional rights."

Indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court. *Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir.1992); *McKeever v. Israel,* 689 F.2d 1315, 1318 (7th Cir.1982). This court is authorized to request, but not to compel (*see Mallard v. United States District Court,* 490 U.S. 296 [1989]), an attorney to represent an indigent civil litigant pursuant to Title 28, United States Code, § 1915(e)(1). *Jackson,* 953 F.2d at 1071;*McKeever,* 689 F.2d at 1318. However, this court has no access to funds to compensate attorneys for such representation. Accordingly, the question is not whether an attorney would help the plaintiff=s case, but whether, given the difficulty of the case, the plaintiff seems competent to litigate it himself. *See Pruitt v. Mote,* 503 F.3d 647, 653, 655 (7th Cir. 2007) (en banc).

The threshold requirement for appointment of counsel under § 1915(e)(1) is whether a plaintiff has made a reasonable, but unsuccessful, effort to retain counsel, or whether the plaintiff was effectively precluded from making such efforts. *Jackson,* 953 F.2d at 1073. If a plaintiff has made no effort to secure counsel, the motion must ordinarily be denied outright. *Id.* The plaintiff correctly points out that this court previously found that the plaintiff had made a reasonable effort to secure representation. See dkt. 23. But, a reasonable yet unsuccessful attempt to find an attorney does not entitle a plaintiff to appointment of counsel as of right. Rather,

once the initial requirement is met, the court, in exercising its discretion with regard to the plaintiff's request, must address the following question: given the difficulty of the case, does this plaintiff appear to be competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome. *See Farmer v. Haas,* 990 F.2d 319, 322 (7th Cir. 1993).

At this point, and based on the plaintiff's comprehensible filings, his use of the court's processes, his familiarity with both the factual circumstances surrounding his claims and with the legal issues associated with those claims, the plaintiff is competent to litigate on his own. In addition, the plaintiff's concerns about being placed on "cold storage" are speculative. There is no reason to believe that the plaintiff's new custodians will refuse to allow the plaintiff to correspond with the court via mail. The motion to reconsider [Dkt. 52] is **denied.**

**IT IS SO ORDERED.**

Date: 11/09/2012

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Gary E. Manns
922454
Indiana State Prison
Inmate Mail/Parcels
One Park Row
Michigan City, IN 46360

All Electronically Registered Counsel