UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GARY E. MANNS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:11-cv-1550-TWP-MJD |
| ) | |
| KIM GRAY, LISA WOLFE, ) | |
| and ASHLEY WAGGLER, ) | |
| ) | |
| Defendants. ) | |

**ENTRY DENYING MOTION FOR RECONSIDERATION**

This matter is before the Court on Defendants' Director of Nursing Kim Gray ("Nurse Gray"), Nurses Lisa Wolfe ("Nurse Wolf"), and Ashley Waggler ("Nurse Waggler") (collectively, the "Nurse Defendants") Motion for Partial Reconsideration of Entry on Motion for Summary Judgment. Plaintiff Gary E. Manns ("Mr. Manns"), an Indiana prisoner, brought suit against numerous medical care providers at Wabash Valley Correctional Facility ("Wabash") alleging violations of his Eighth and Fourteenth Amendment rights. The Nurse Defendants sought resolution of this matter through summary judgment. Summary judgment in their favor was denied (*see* Dkt. 103). For the reasons explained below, the Motion for Reconsideration (Dkt. 104) is **DENIED.**

**I. BACKGROUND**

The Court's Entry of September 20, 2013 (Dkt. 103) explained that given the testimony of Mr. Manns there are numerous material facts in dispute regarding what occurred on October 30, 2011 and November 4, 2011. If Mr. Manns' testimony were believed, a reasonable jury

could conclude that the Nurse Defendants were deliberately indifferent to his serious medical needs.

Specifically, Mr. Manns testified that on October 30, 2011, he experienced what he believed was a minor stroke, a transient ischemic attack ("TIA"). After he was taken to the infirmary, the Nurse Defendants claimed that Mr. Manns was faking his medical condition and refused to render any medical assistance. Nurses Wolfe and Waggler did nothing but berate Mr. Manns for several hours, calling him everything but a human being. They were cursing Mr. Manns and claimed that he was faking, and threatened that he would not get any pain medication. The Nurse Defendants allowed Mr. Manns to fall from the examination table onto the floor, and then allowed Mr. Manns to lie on the cold concrete floor for several hours, partially paralyzed and unable to speak, and continually inflicted physical and verbal abuse on Mr. Manns by stating: "Why don't you just f**king die, you piece of s**t, because we are tired of you." Mr. Manns testified that he was physically abused by the Nurse Defendants, and was kicked in the testicles and in the head in an attempt to force him to get up. The Nurse Defendants then threatened to inject a needle into Mr. Manns' heart in order to force him to get up. Nurse Gray informed Nurses Wolfe and Waggler that Mr. Manns would not be sent to the hospital unless his heart quit beating or he stopped breathing. *See* Dkt. 99 at 2-3 (citing Manns' Aff., Dkt. 100-1 at ¶ 15).

On November 4, 2011, Mr. Manns experienced what he believes to be another minor stroke and was taken to the infirmary. Mr. Manns testified that Nurses Newberry, Gray, Wolfe, and Waggler ignored him, claiming that he was faking his medical condition and continually inflicted mental and emotional abuse. (*See* Manns' Aff., Dkt. 100-1 at ¶17.)

This Court held that given this testimony, the resolution of claims against Nurses Wolfe, Nurse Waggler and Director of Nursing Gray was not appropriate on summary judgment.

## II. **MOTION TO RECONSIDER**

A motion to reconsider is designed to correct manifest errors of law or fact or to present newly discovered evidence. *Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985). For example, a motion for reconsideration is appropriate when: (1) a court has patently misunderstood a party; (2) a court has made a decision outside the adversarial issues presented; (3) a court has made an error not of reasoning but of apprehension; or (4) a change in the law or facts has occurred since the submission of the issue. On the other hand, a motion for reconsideration is an "improper vehicle to introduce evidence previously available or to tender new legal theories." *Bally Export Corp. v. Balicar, Ltd.*, 804 F.2d 398, 404 (7th Cir. 1986).

The Nurse Defendants now ask the Court to reconsider the September 20, 2013 Entry (Dkt. 103) and to grant summary judgment in their favor. The Nurse Defendants argue that Mr. Manns' "testimony regarding the statements and conduct attributed to Nurses Wolfe, Waggler and Gray should not be adopted as undisputed facts under *Scott v. Harris*, 550 U.S. 372, 380 (2007)." Dkt. 104 at p. 4. This argument lacks traction. First, Mr. Manns' testimony was not adopted as an undisputed fact. Instead, the Court, as it is required at this stage in the litigation, reviewed "the record in the light most favorable to the nonmoving party and [drew] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted).

Second, the Nurse Defendants argue that Mr. Manns' testimony should be disregarded because the medical records reflect that he received medical care between October 20, 2011 and

November 4, 2011.  Given his medical record, they argue, no reasonable jury could believe that nurses who were not involved in Mr. Manns' care ignored, cursed or kicked him, or prevented him from obtaining adequate medical care.  In support, the Nurse Defendants reference the Supreme Court's holding in *Scott v. Harris;* that is, when "opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."  *Scott*, 550 U.S. at 380.  In *Scott*, the factual issue of whether a motorist fleeing law enforcement officials was driving in a fashion which endangered human life at the time the officers rammed his vehicle from behind to end the chase was in dispute. The non-moving party's version of events was discredited by a videotape that recorded what actually happened.  *Id.* at 378.  Unlike a videotape, Mr. Manns' medical records do not objectively negate his testimony.  If there was a videotape or other compelling record which "utterly discredited" Mr. Mann's version of events, the Court would be happy to consider it; however, there is not. The Nurse Defendants did not provide even an affidavit in support of their position.  The only evidence offered in support of the Nurse Defendants' position is Mr. Manns' medical record. The fact that a medical provider failed to record their intentional abuse of a patient in the medical record is not outcome determinative.

Third, the Nurse Defendants argue that because Mr. Manns' testimony has been inconsistent it is not credible.  This, however, is an issue for the trier of fact to determine.

Finally, contrary to the Nurse Defendants' assertions, Mr. Manns' evidence is sufficient to establish that he had a serious medical need and that the Nurse Defendants were deliberately indifferent to his serious medical need.  The injuries (delay of treatment and physical and psychological abuse) are obvious.

### III.  CONCLUSION

Because the Court made a correct ruling on the Nurse Defendants' motion for summary judgment and no persuasive basis for reconsidering that ruling has been shown, the Motion for Reconsideration (Dkt. 104) is **DENIED.**

**SO ORDERED.**

Date: 12/16/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUITON:

Gary E. Manns, #922454
Indiana State Prison
Inmate Mail/Parcels
One Park Row
Michigan City, Indiana  46360

J. Richard Moore
BLEEKE DILLON CRANDALL
richard@bleekedilloncrandall.com

James F. Bleeke
BLEEKE DILLON CRANDALL
jim@bleededilloncrandall.com

Jeb Adam Crandall
BLEEKE DILLON CRANDALL
jeb@bleededilloncrandall.com